## Bay State Shoe Company v. Leeser.

*Replevin—Sale—Corporation—Authority of superintendent.*

In an action of replevin to recover possession of the contents of a shoe store which the plaintiff, a corporation, claimed was in the possession of the defendant as its manager, and which the defendant claimed had been sold to him through the plaintiff's superintendent, a verdict and judgment for defendant will be sustained where the evidence showed that the plaintiff established stores in different cities for the marketing of its products, and frequently sold such stores to the managers of them; that after the alleged sale to defendant the dealings of the company with the defendant differed very materially from its dealings with its managers generally,

and from its dealings with defendant when he was employed as a manager; that such dealings were on a basis entirely consistent with defendant's claim of ownership; that the directors had notice of his claim and negotiated with him for a retransfer of the goods, and that the authority of the superintendent to sell the store was not questioned at the time of the negotiations nor at any time denied.

The superintendent having testified at the trial, when called in the interest of the company, that the company desired to sell the stores and that it was his business to sell them, it was not necessary that the defendant should furnish other proof of authority, actual or implied.

Argued April 9, 1900. Appeal, No. 184, Jan. T., 1899, by plaintiff, from judgment of C. P. Luzerne Co., Dec. T., 1895, No. 181, on verdict for defendant, in case of the Bay Shoe Company v. H. G. Leeser. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Replevin for stock of shoes. Before LYNCH, J.

At the trial it appeared that the plaintiff was a corporation engaged in the manufacture of shoes at Harrisburg, and that it established and equipped a shoe store at Wilkes Barre, and placed it under the management of the defendant. Defendant claimed that subsequently he bought the stock from the plaintiff for $10,713.94. He also claimed that he changed the sign and for over one year purchased stock in his own name from other parties as well as from plaintiff.

Other facts appear by the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was (23) in not directing a verdict for plaintiff.

*Casper Dull*, with him *Henry A. Fuller*, for appellant.—The superintendent had no authority to make the sale ; Millward Cliff Cracker Co.'s Est., 161 Pa. 157 ; Allegheny County Workhouse v. Moore, 95 Pa. 408 ; Twelfth Street Market Co. v. Jackson, 102 Pa. 269 ; Worthington v. Schuylkill Electric Ry. Co., 10 Pa. Superior Ct. 117 ; Relfe v. Rundle, 103 U. S. 222.

It was the duty of the purchaser to ascertain the authority of the alleged agent : Flannery & Bro. v. State Mutual Fire Ins. Co., 175 Pa. 387 ; Rafferty v. Haldron, 81* Pa. 438 ; Hays v. Lynn, 7 Watts, 524 ; Grim v. Bonnell, 78 Pa. 152 ; Penna

R. Co. v. Titusville, etc., Plank Road Co., 71 Pa. 351; Twelfth St. Market Co. v. Jackson, 102 Pa. 269; Jordan v. Stewart, 23 Pa. 247.

*John T. Lenahan,* with him *James L. Lenahan,* for appellee.— Wherever there is a delivery of property on a contract for an equivalent in money or some other valuable commodity and not for the return of the identical subject-matter in its original or altered form this is a transfer of property for value; it is a sale and not a bailment: Graham on Sales, 163; Jenkins v. Eichelberger, 4 Watts, 121; Prichett v. Cook, 62 Pa. 193; Butterfield v. Lathrop, 71 Pa. 225; Dick v. Cooper, 24 Pa. 217; Braunn v. Keally, 146 Pa. 519.

The superintendent had power to make the sale: 4 Thompson on Corporations, sec. 4847; Balt. & Phila. Steamboat Co. v. v. McCutcheon, 13 Pa. 13; Wright's App., 99 Pa. 425; Brooke v. New York, etc., R. R. Co., 108 Pa. 549.

OPINION BY MR. JUSTICE FELL, May 14, 1900:

At the trial the plaintiff claimed that the goods replevied were its property in the possession of the defendant as the manager of one of its stores. The defendant had pleaded property, and he set up a claim of absolute ownership based on a purchase of the whole stock of the plaintiff's store through its superintendent. The questions raised were whether in fact a sale had been made, and whether the superintendent had power to sell. The first question was for the jury, and if they reached a wrong conclusion the remedy was with the court in which the trial was held. The assignments of error to be considered all relate to the admission of testimony offered by the defendant to show the acts and declarations of the superintendent in connection with the alleged sale. The main ground of objection to this testimony was that the authority of the superintendent had not been shown by other testimony, and that it was an attempt to prove both the fact of agency and its scope by the acts and declarations of the agent.

The Bay State Shoe Company was a manufacturing corporation which had established a number of stores in different cities for the purpose of promoting the sale of shoes manufactured by it. These stores were placed in the charge of mana-

gers, and from time to time were sold as purchasers were found. The establishment and sale of stores seems to have been as much a part of the plaintiff's business as the making of shoes. It was a means employed by it to introduce and sell its product. The by-laws of the company provided that the superintendent should have general supervision of its business, subject to the control of the board of directors; and his apparent authority in establishing, supervising and selling stores was without limitation. It is, however, unnecessary to consider and define the exact nature of his power, as enough appeared in the plaintiff's testimony in chief to relieve the defendant from the burden of proof on that subject. The plaintiff's dealings with the defendant during a period of more than a year when he was in possession of the store differed very materially from its dealings with its managers generally and from its dealings with him when he was employed as a manager, and they were on a basis entirely consistent with his claim of ownership. The directors had distinct notice from him of his claim some time before the writ was issued, and negotiated with him to secure a settlement of accounts and a retransfer of the goods to them. They did not then question the authority of the superintendent to sell. There was no denial of it at any time. At the trial he testified, when called in the interest of the company, that the company desired to sell the stores, and that it was his business to sell them. Under these circumstances it was not necessary that the defendant should furnish other proof of authority, actual or implied.

Some of the plaintiff's points for charge which were refused should have been affirmed, but as they relate to subjects which were not in controversy, or were covered by the general charge, no harm was done the plaintiff. We find no error in the record which calls for reversal, and the judgment is therefore affirmed.